Judge Tucker.
In these cases a variety of points were, presented by the appellant’s counsel.
1st. As to the costs of one or two of these suits, the whole of which were consolidated at the hearing and one decree pronounced in the whole, and each party was decreed to bear a proportion of the costs. As no appeal lies for costs only, this point ought to be disregarded, even if not perfectly equitable, unless there be some other error in the decree. 2d. It was insisted a Jury ought to have been impanelled to assess damages against the executors for their misconduct in suffering suits to be brought and the property to be sold under execution. This is the first time I have heard of a suit in equity for vindictive damages. 3d. That the executor R. II. Saunders ought not to be allowed the benefits of a compromise, or purchase which lie made of a judgment and execution against his testator’s estate, by which he gained 24 dollars. The principle is ;n general true,(a) and in this instance the executor ought not to have been permitted to take the benefit to himself; nor has he been allowed it, the commissioner on that account, -as well as some others having allowed him n.o commissions.
*422 As fo the remaining exceptions, they relate principally to the settlement of the accounts made by the commissioner with great apparent care and attention, and to which no exceptions were taken in the Court of Chancery. I have considered it as a settled principle, that this Court will not enter into an examination of accounts referred to a commissioner, and settled by him ; unless an exception to them has been taken in the Court of Chancery, nor then, unless the exception be so stated as that this Court may decide upon tire equity, or legality, of the principle only, upon which the article is admitted, or rejected, without wasting their time in adjusting the particulars of a long and intricate account; a business which is the peculiar province of a commissioner and accountant; and which, if this Court were to admit themselves to be bound to engage in, would in a year or two put a total stop to the administration of justice in civil causes in this commonwealth. I am therefore of opinion the decree ought to be affirmed.
Judge Roane thought the decree correct, and that it: ought to be affirmed*
Judge Fleming of the same opinion.
By the whole Court, (absent Judge Lyons,) the decree of the Superior Court of 'Chancery affirmed.

 2 Fonb 187.